**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1538
_____

KAREN ALI,
                    Appellant

v.

NEW JERSEY SUPERIOR COURT BOARD OF BAR EXAMINERS;
KARIN MCBRIDE, individually and in her Official capacity as
a director of the New Jersey Superior Court Board of Bar Examiners
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-03187)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2012
Before:  CHAGARES, VANASKIE and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed : August 27, 2012)

_____

OPINION
_____

PER CURIAM

     Karen Ali, proceeding pro se, appeals the District Court's order dismissing her

complaint arising under Title I of the Americans with Disabilities Act ("Title I" or

"ADA"), 42 U.S.C. §§ 12112-12117, and the New Jersey Law Against Discrimination

("NJLAD"), N.J. Stat. Ann. §§ 10:5-1, *et. seq.* For the reasons that follow, we will affirm.

I

In June 2011, Ali filed in the District Court a complaint alleging that her former employer, the New Jersey Board of Bar Examiners ("the Board"),[1] and her former supervisor, Karin McBride, discriminated against her on the basis of her disability, in violation of Title I and the NJLAD. Ali sought damages against McBride, in both her individual and official capacities, and the Board. The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), which the District Court granted after a hearing. Ali now appeals the District Court's order dismissing her complaint.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may affirm on any ground supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). We review the dismissal of a complaint under either Rule 12(b)(1) or 12(b)(6) de novo. See Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009); McGovern v. Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). In reviewing an order granting a motion under Rule 12(b)(1), we must determine whether the allegations in the complaint, taken as true, allege facts sufficient to invoke the District Court's jurisdiction. See Common Cause, 558 F.3d at 257. With regard to an order granting a

---

[1] The New Jersey Board of Bar Examiners was improperly pleaded as the New Jersey Superior Court Board of Bar Examiners."

motion under Rule 12(b)(6), dismissal is appropriate only if, "accepting all factual allegations as true and construing the complaint in the light most favorable to [Ali], we determine that [Ali] is not entitled to relief under any reasonable reading of the complaint." McGovern, 554 F.3d at 115.

Title I prohibits an employer from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment," 42 U.S.C. § 12112(a), and provides for a civil action for damages by an aggrieved employee. See id. However, the Eleventh Amendment to the United States Constitution prohibits a suit for damages against a state or state entity unless (1) the state consents to suit or (2) Congress abrogates the States' sovereign immunity by legislation. "[T]he rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Edelman v. Jordan, 415 U.S. 651, 663 (1974). We conclude that the Board, as an arm of the New Jersey Supreme Court, see N.J. Const. art. VI, § 2 (vesting the New Jersey Supreme Court with the authority to regulate the admission and discipline of attorneys); N.J. Ct. R. 1:23-1 (directing the New Jersey Supreme Court to appoint the Board of Bar Examiners); N.J. Ct. R. 1:23-4 (establishing funding for the Board from fees paid by candidates for admission to the bar and from funds provided by the Administrative Office of the Courts), is an entity entitled to Eleventh Amendment immunity from suit. Further,

3

because New Jersey has apparently not consented to suit under Title I, and because Title I does not abrogate the States' sovereign immunity, see Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 368 (2001), the District Court lacked federal subject matter jurisdiction over the ADA claim for damages[2] against the Board, and dismissal was therefore appropriate.

Dismissal was also appropriate with regard to Ali's claims against McBride. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Id. Accordingly, Ali's suit against McBride as an agent of the Board was similarly barred on Eleventh Amendment grounds. And insofar as Ali sought relief against McBride in her personal capacity, Title I does not impose individual liability for damages or injunctive relief. See Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002).

Finally, to the extent that Ali invoked the District Court's supplemental

---

[2] In her counseled complaint, Ali made passing references to requests for injunctive relief, but did not otherwise develop such claims for relief. Although the Eleventh Amendment does not bar suits against state entities for injunctive relief, see Koslow v. Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002), Ali's brief statements regarding injunctive relief were not sufficiently developed to state a claim upon which relief could be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

jurisdiction over her NJLAD claim, we understand the District Court to have declined to exercise it.  <u>See</u> 28 U.S.C. § 1367(c).

Accordingly, we will affirm the decision of the District Court.